UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY FRANK FISCHER a/k/a JAIMIE FISCHER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>Defendants. | CASE NO. 3:26-cv-06011-DGE<br><br>ORDER DISMISSING CASE |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has filed a complaint asserting causes of action under the Fourth, Eighth, and Fourteenth Amendments. (Dkt. No. 4 at 3.) Plaintiff is a preoperative transgender female, and claims Defendants' classification of Plaintiff as a black male "has caused a serious level of trauma[.]"[1] (*Id.* at 7.)

[1] Plaintiff asserts Defendants "seek to deny [her] right to see them in court" due to her "non-compliance[.]" (Dkt. No. 4 at 7.) Plaintiff claims she "was not obligated to report to a CCO or

Plaintiff claims the community custody officers ("CCOs") assigned to supervise Plaintiff "have been negligent in their use of proper pronouns in their chronos log entries and personal communications with the world." (*Id.*) Plaintiff asserts this treatment was demeaning and stripped away Plaintiff's dignity. (*Id.*) Plaintiff cites a recent incident with Plaintiff's CCO during which the CCO confused Plaintiff with Plaintiff's brother, "who identifies and lives as a heterosexual male" while Plaintiff is a "transgendered female who is bi-racial." (*Id.* at 8.) Plaintiff alleges the CCO's "incompetence" resulted in "sexual misconduct and improper treatment" by Department of Corrections employees. (*Id.*) Plaintiff seeks $35 million in damages. (*Id.* at 5.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

---

anybody else who refused to respect who [she is]" and her rights under the United States Constitution. (*Id.*)

Plaintiff's complaint contains few facts concerning Plaintiff's cause of action. Plaintiff's complaint only mentions one specific incident during which Plaintiff was misgendered. Without specific facts identifying who did what, when it occurred, and why such conduct supports Plaintiff's causes of action, the complaint fails to state a claim. Moreover, to the extent Plaintiff's claim is predicated on emotional trauma caused by the alleged misgendering, "[u]nder Ninth Circuit precedent regarding the Eighth and Fourteenth Amendments, verbal harassment alone is generally insufficient to establish a violation" of 42 U.S.C. § 1983. *Turner v. Ralkey*, Case No. 3:20-CV-5472-TL-DWC, 2023 WL 401931 at *4 (W.D. Wash. Jan. 25, 2023) (collecting cases).

Accordingly, the Court DISMISSES Plaintiff's complaint for failure to state a claim but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies identified in this order. Plaintiff shall file an amended complaint no later than **October 15, 2026**.

The Clerk is directed to calendar this event.

Dated this 15th day of September, 2026.

David G. Estudillo
United States District Judge